## In re SHAPIRO et al.

### (District Court, S. D. New York. February 18, 1901.)

1. BANKRUPTCY—ACTS OF BANKRUPTCY.

The withdrawal of money from an insolvent firm by one of the partners, and its secret transfer to a third person, in connection with other concurrent transactions between the partners, *held* a conveyance and transfer of property, with intent to hinder and delay creditors, by both partners, which constituted an act of bankruptcy.

2. SAME—PARTNERSHIP—MARSHALING OF ASSETS.

When the actions of partners, in connection with the transfer by one of his interest in the firm to the other, were fraudulent, and constituted acts of bankruptcy, upon which both partners and the firm are adjudged bankrupts, the property will be marshaled, as between firm and individual creditors, as though no transfer had been made.

In Bankruptcy. On petition for adjudication.

Myers, Goldsmith & Bronner, for creditors.

Engel, Engel & Oppenheimer, for Novick.

BROWN, District Judge. Upon the further hearing of the above case and the taking of additional testimony as respects the solvency of Novick, and the disposition by him of about $1,200 collected by him from firm accounts within a week of May 1, 1899, and the secret deposit of the money in the name of his father, who was indebted to Novick at the time, and the false reason given for that deposit, and the subsequent use thereof in his father's small business, wherein Novick was clerk, I feel constrained to find:

1. That the transfer by Shapiro to Novick on May 1, 1899, and Novick's prior withdrawal of about $1,200, from the firm, in the light of the subsequent secret deposit of those moneys, the false statements in reference thereto, and the assignment to Shapiro so shortly after the transfer to him, should all be considered together, as a conveyance and transfer of property with intent to hinder and delay creditors, both by Shapiro and Novick, constituting an act of bankruptcy under section 3a (1).

2. That aside from the above sum of $1,200, Novick at the time of the filing of the petition against him was insolvent, and the claim against the father I consider of doubtful value.

3. That certain payments made by Novick were made with intent to give a preference; and that upon all the facts, adjudication should go against Novick and the firm in addition to the previous adjudication against Shapiro, and the firm and individual assets marshaled, as though the transfer of May 1, 1899, had not been made. See Coll. Bankr. (3d Ed.) 70; In re Wilcox (D. C.) 94 Fed. 84, 88.